UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

ROBIS OSUEL SOLIS-CACERES,  )
                            )
    Plaintiff,               )    Civil Action No. 11-73-HRW
                            )
V.                          )
                            )
UNITED STATES OF AMERICA,   )    **MEMORANDUM OPINION**
                            )    **AND ORDER**
    Defendant.               )

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Plaintiff Robis Osuel Solis-Caceres, proceeding without an attorney, has filed a complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671-80, against the United States of America. [R. 2] The Court has granted his motion to pay the filing fee in installments pursuant to 28 U.S.C. § 1915 by prior order. Having reviewed the Complaint,[1] the Court must dismiss it because Solis-Caceres's claims are barred by the applicable statute of limitations.

---

[1] The Court conducts a preliminary review of complaints filed against federal officials. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Solis-Caceres, a citizen of Guatemala, was arrested for his participation in a plan to smuggle cocaine into the United States. After he was arrested on federal drug charges on November 16, 2006, he was transported to the Hardee County Jail in Tampa, Florida. He began experiencing stomach pain, and was given antacids by jail staff. On February 18, 2007, he was taken to a local hospital and diagnosed with "Gastritis Abdominal Pain." He alleges that the examining physician recommended that he be examined by a specialist and considered for an endoscopy, but federal corrections officials did not act on the recommendation. [R. 2 at 3-4]

After his defense counsel filed a motion with the trial court to compel further medical care, Solis-Caceres was taken for medical treatment and diagnosed with an ulcer. He alleges that, notwithstanding further orders from the trial court, the United States Marshals Service and Bureau of Prisons repeatedly failed to ensure that he received continued care for his medical condition. Following his conviction and designation to the Federal Correctional Institution in Ashland, Kentucky, Solis-Caceres received further medical care for his stomach ailments. He alleges, however, that as a result of the delay in receiving proper treatment, he has a hiatal hernia and suffers gastrointestinal pain. [R. 2 at 7-8] Solis-Caceres contends that the USMS and the BOP tortiously interfered with the his right to receive prompt and adequate medical care, and seeks monetary damages.

At some point after his arrival at FCI-Ashland, he sent a Form 95, "Claim for Injury, Damage, or Death," to the USMS requesting administrative settlement of his claim that the USMS acted negligently and exacerbated his medical conditions under the FTCA. On September 10, 2009, the USMS denied his request for administrative settlement, and advised him that he must file any suit regarding his claims under the FTCA within six months. [R. 2-13]

Solis-Caceres filed his complaint in this action on July 12, 2011. [R. 2]

Generally, the United States is entitled to sovereign immunity against claims against it. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA constitutes a limited waiver of that immunity, and permits suit against the United States for the negligence of its officers, 28 U.S.C. §§ 2674, *Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010), with certain exceptions. 28 U.S.C. § 2680.

Before bringing suit under the FTCA, the claimant must first present his claim to the relevant agency in an effort to settle the claim administratively. 28 U.S.C. § 2675(a); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) ("A prerequisite to suit under the FTCA ... is the exhaustion by the plaintiff of administrative remedies."). The claim must be presented to the agency for settlement within two years of the events complained of. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir. 2002). If the agency does not deny the request for settlement

within six months, the claimant may consider the claim denied and file suit. 28 U.S.C. § 2675(a). If the agency denies the request for administrative settlement, the claimant must file suit under the FTCA within six months. 28 U.S.C. § 2401(b). Satisfaction of these requirements is a condition precedent to the United States' waiver of sovereign immunity under the FTCA, and if a plaintiff fails to satisfy them, the district court lacks subject matter jurisdiction to proceed. *In re: Franklin Savings Corp.*, 385 F.3d 1279, 1286-87 (10th Cir. 2004).

In this case, the USMS denied Solis-Caceres's request for administrative settlement on September 10, 2009. He was therefore required to file suit by March 10, 2010, as the letter expressly advised him. 28 U.S.C. § 2401(b). Because Solis-Caceres did not file his complaint in this action until July 12, 2011, over sixteen months later, he has failed to satisfy the statutory prerequisite for application of the FTCA, and his claims fall outside the United States' waiver of sovereign immunity. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331-33 (6th Cir. 2008 ("The requirement that a claim pursuant to the FTCA be commenced within six months of an administrative denial is a jurisdictional prerequisite to suit and a failure to comply warrants dismissal on the merits."); *Wang v. United States*, 2003 WL 1785891 (2d Cir. 2003). His complaint will therefore be denied for lack of subject matter jurisdiction.

Accordingly, **IT IS ORDERED** that:

1. Solis-Caceres's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**.

2. The Court will enter an appropriate Judgment.

This 16th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge